UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES                          :

v.                                     :          17-cr-51 (BAH)

RAUL FLORES HERNANDEZ                   :

## MOTION TO TRANSFER DEFENDANT
## TO THE CENTRAL CORRECTIONAL FACILITY

### INTRODUCTION

Defendant Raul Flores Hernandez is a 69-year old Mexican national extraditee, who was transferred approximately one month ago to the Central Virginia Regional Jail, in Orange, Virginia ("CVRJ").  Despite traveling to the facility at least twice a week since his transfer, undersigned counsel has had extremely limited meaningful contact with her client. Worse, the policies at the CVRJ have impeded counsel from sharing and discussing the discovery material provided by the Government.  Any progress the defense previously made toward a resolution of this case has been compromised by the jail's senseless quarantine policy and lack of opportunity for private attorney-client communications.

For all the reasons stated herein in further detail, the defense respectfully requests that this Court Order the United States Marshals Service to transfer Mr. Flores Hernandez to the District of Columbia Correctional Treatment Facility, more specifically, to the floor where older inmates are housed. *See* United States v. Jaime Medina, 628 F.Supp. 2d 52 (D.D.C. 2009) (Lamberth, J)(court has authority to order inmate transferred to CTF when necessary to facilitate attorney-client communications and a defendant's access to discovery materials).

Counsel does not request this relief lightly. As explained herein in greater detail, undersigned has labored to provide competent counsel to her client, but the conditions at the CVRJ are thwarting those efforts and there is no end in sight. Undersigned also contacted the Marshals Service and requested its assistance in transferring the defendant, but that entreaty remains unanswered. Undersigned has no viable option left but to request this Court's intervention. The Government does not object to this request.

## BACKGROUND

Defendant Raul Flores Hernandez is a 69-year old Mexican national who was extradited to the United States on February 5, 2021. He had been housed at the District of Columbia Jail until sometime in October, 2021, when the Marshals Service determined that the conditions of confinement at the Jail were substandard. Shortly thereafter, Mr. Flores Hernandez (along with several hundred other inmates) was moved to a Federal Correctional Institution in Lewisburg, Pennsylvania. During the four months while the defendant was housed at Lewisburg, counsel was able to communicate with the defendant via video conferencing and "in person" visits. Despite the distance, undersigned was able to communicate with Mr. Flores Hernandez and continue providing him effective assistance of counsel. Since his transfer to the CVRJ, however, those efforts have stalled.[1]

The Central Virginia Regional Jail is a located in Orange County, Virginia and is a state-run facility for the Counties of Orange, Fluvanna, Greene, Louisa, and Madison. The CVRJ serves as the local jail for pre-trial detainees and other inmates serving relatively short sentences,

---

[1] Mr. Flores Hernandez was first moved to the Alexandria Detention Center and counsel was relieved that she would no longer have to travel three and a half hours to Pennsylvania. In retrospect, the commute was a small price to pay for reasonable access to the defendant. The defendant was almost immediately thereafter transferred to the CVRJ.

including weekend incarceration. It is approximately 95 miles and a two-hour drive from Washington, D.C.

The jail is ill-equipped to house a 69-year old inmate (who is more susceptible to illness because of his age), who speaks no English, and who needs to consult with defense counsel in order to make an informed decision as to how to resolve the serious charges against him.  First, although undersigned was advised by the Marshals Service that she could initiate attorney-client phones calls with Mr. Flores Hernandez via a "private attorney phone line," no such mechanism exists.[2] Rather, the CVRJ brochure states that if an attorney wants to initiate a phone call with her client, she must call into a phone line at the jail and leave a detailed message explaining that the attorney needs to contact her client. According to the brochure, after the facility verifies the attorney's identity and status as an attorney, the inmate may call the attorney "collect," on a recorded line.  This process also requires that the attorney maintain a funded account through Securus Technology.  The CVRJ brochure is attached as Exhibit 1.

The process by which an attorney can obtain a video visitation is much more complicated and despite the brochure's assurance that an attorney visitation is secure and not recorded, obtaining such a video visitation is complicated and undersigned counsel has yet been able to secure such a visit despite repeated efforts. Thus, other than physically traveling two hours in each direction to visit the defendant personally, there are no other private, confidential options to communicate with Mr. Flores Hernandez.

Unfortunately, the "in person" visitation at the CVRJ appears designed – whether by intention or inadvertence – to also prevent counsel from communicating with her client.  This is the result of the jail's seemingly senseless quarantine policy. Since his arrival at the CVRJ on or

---

[2] Contrary to what the Marshal Service believes there is no separate attorney client phone line and if such a phone line exists, none of the many employees that undersigned counsel has had contact with are aware of it.

around February 24, 2022, Mr. Flores Hernandez has remined in a quarantine unit ("Unit L") and it appears impossible to predict when he will be (in the vernacular of the jail) "stepped down" to less restrictive conditions.  While in quarantine, counsel can only communicate with her client through a glass partition; the phones on either side of the glass are monitored and recorded and counsel has shouted herself hoarse yelling to her client. The chronology of these events is summarized below.

Counsel traveled to Orange, Virginia on Wednesday, March 4, 2022 for the first time to visit her client. That unsatisfactory visit was conducted through the glass. Accordingly, on Friday, March 4, 2022, undersigned called the booking department to ask when Mr. Flores Hernandez could expect to be moved into the general population and be allowed in-person legal visitation.  A CVRJ representative informed undersigned that Mr. Flores Hernandez had already been moved that he would be able to have in person visits.  Undersigned scheduled a weekend visit and traveled with computer and some of the discovery disks to the CVRJ on Sunday, March 6, 2022, only to be told after arriving that the visit would have to be through glass because Mr. Flores Hernandez was still in quarantine.

Undersigned counsel called the booking department of the jail again on March 7, 2022, to get some clarification on Mr. Flores Hernandez's quarantine status.  Undersigned counsel spoke to Officer Gray who informed her that Mr. Flores Hernandez would remain indefinitely in quarantine because the jail's policy was to keep the quarantine unit "open until it was full." Once full, the quarantine unit would then completely close for an additional fourteen (14) days before the inmates in the unit are "stepped down" to less restrictive conditions at the jail. Since Mr. Flores Hernandez' quarantine unit is not nearly full, the 14-day clock has not started.

Moreover, since no one can determine when the unit will fill up, there is no way to predict when Unit L would be "stepped down."  On March 9, 2022, during another personal visit to the jail and another unsatisfactory effort to communicate with her client, undersigned was advised by a CVRJ official that the last unit that was "stepped down" was constituted in November of 2021.

Mr. Flores Hernandez also informed undersigned counsel that there were inmates who would be admitted into Unit L and stay for several days before leaving.  Mr. Flores Hernandez' observation is not surprising since CVRJ houses local inmates serving time for misdemeanor crimes such as DWIs and simple assaults, or weekend jail time.  Unfortunately, this quarantine "policy" exponentially exposes this  69-year old inmate to the COVID-19 illness.  More to the point, however, undersigned cannot communicate effectively by shouting through the glass with her client.  Moreover, because the defendant is in quarantine, the timing of her visits and their duration is also limited; undersigned cannot "see" (and sometimes hear) her client until 3:00 pm to approximately 4:15 pm.

Consequently, on numerous occasions, undersigned has traveled two hours from Northern Virginia to Orange County and then waited until all inmate visits were completed for the afternoon - because they all take place in the same area, then sit across a glass partition and shout at Mr. Flores Hernandez to be heard for an hour and fifteen minutes.  Since Mr. Flores Hernandez' arrival at the Central Virginia Regional Jail, undersigned counsel has not been able to have any substantive discussions with her client about his case.  Mr. Flores Hernandez does not speak any English and there remains thousands of pages of discovery that undersigned

counsel still needs to review with him.[3] Counsel's last visit with Mr. Flores Hernandez was on March 14, 2022 and again it was conducted by shouting to each other through a glass partition.

## ANALYSIS

The Sixth Amendment guarantees a criminal defendant's right to effective assistance of counsel.  In all criminal prosecutions, the accused shall enjoy the right to have the assistance of counsel for his defense.  This includes the right to have unencumbered access to discovery and continued meaningful consultation with his attorney. *See* United States v. Cronic, 466 US 648 (1984).

Mr. Raul Flores Hernandez, a Mexican national who was indicted in 2017 of one count of Conspiracy to Distribute Five Kilograms or More of Cocaine, Knowing and Intending that it will be Unlawfully Imported into the United States, has the right to effective assistance of counsel. He has a Constitutional right to review and discuss with his attorney, the evidence the government will present against him, if he were to go to trial.  Mr. Flores Hernandez' constitutional rights are being infringed by his current conditions of incarceration.

This Court has jurisdiction to grant defendant's relief and Order Mr. Flores Hernandez' transfer to the District of Columbia Correctional Treatment Facility. In United States v. Jaime Medina, 628 F.Supp. 2d 52 (D.D.C. 2009), Judge Lamberth held that the Court had the authority to safeguard a defendant's Constitutional rights and order a defendant's transfer in order to facilitate attorney-client communications and a defendant's access to discovery materials. The Court rejected the District of Columbia's argument that he was without power to make specific jail designations and unequivocally held that "the Court is certainly not prohibited from

---

[3] Moreover, because of the protective Order issued in this case (as well as for the security of Mr. Flores Hernandez), undersigned cannot leave  the discovery material with the jail staff for his review.

remedying constitutional violations that infect its administration of criminal justice." <u>Medina</u>, 628 F.Supp.2d at 55.

If Mr. Flores Hernandez continues to be incarcerated at the Central Virginia Regional Jail, he will be deprived of his constitutional right to effective assistance of counsel and his right to unencumbered access to the evidence against him. In undersigned's professional judgment, the only viable option is to transfer the defendant to the District of Columbia Correctional Treatment Facility ("CTF").

The CTF has a floor dedicated for older inmates, located in the same city where the case is being prosecuted.  Mr. Flores Hernandez is a 69-year old Mexican national whose behavior in the American criminal justice system has been exemplary; he has not had any behavioral issues at any of the four facilities that he was previously detained.

Undersigned has spoken several times with the prosecutor assigned to this case and has communicated with her through email.  Although sympathetic to the plight of the defendant, she has made clear that she has no power or control over the defendant's housing designations. Undersigned also sent an email to Supervisory U.S. Marshal Derek Haywood on March 11, 2022, apprising him of the defendant's problems with communicating with his attorney. To date, undersigned counsel has not received any acknowledgment, let alone a reply, from Deputy Haywood.  A copy of that email is attached as Exhibit 2. A courtesy copy of this motion and all its attachments are being sent to the Marshals Service.  With an eye on a calendar and the lack of any progress being made in this case, undersigned had no other available option but to turn to this Court for relief.

**CONCLUSION**

For all the reasons set forth herein, the defense respectfully requests that the Court order the United States Marshal's Service to transfer Mr. Flores Hernandez to the older inmate floor of the District of Columbia Correctional Treatment Facility. In the event the Court would like to hear further from the parties, undersigned counsel can be available every day this week in person except Thursday and via video conference thereafter.  Since undersigned counsel has been advised there is no video conference capability at the facility, and since Mr. Flores Hernandez does not want to be transported to the courthouse in Washington, D.C. and back, the defense waives his appearance under Federal Rules of Criminal Procedure Rule 43(b)(3).

Respectfully submitted,

_____
Sandi S. Rhee (DC Bar No. 502417)
228 S Washington Street,
Suite 300
Alexandria, Virginia 22314
(202)285-8366 cellular phone
SandiRheeLaw@Gmail.com

## CERTIFICATE OF SERVICE

I certify that a copy of Defendant's Motion to Transfer Defendant to the District of Columbia Correctional Treatment Facility was sent by electronic mail to counsel for the government, Assistant United States Attorney Katharine Wagner and the Supervisory United States Marshal Derek Haywood.

_____/s/_____
Sandi S. Rhee
228 S Washington Street,
Suite 300
Alexandria, VA 22314
(202) 285-8366 cellular
SandiRheeLaw@Gmail.com